(117 App. Div. 421)

### TUCK v. TUCK.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

DIVORCE—ADULTERY—CONNIVANCE OF PLAINTIFF.

Plaintiff should not be denied a divorce on clear proof of adultery by defendant, because defendant went with plaintiff's detective to the house of prostitution; defendant testifying that he deliberately committed the adultery, and there being nothing to justify a finding that plaintiff employed the detective to aid or connive at the commission thereof, or that she had any knowledge that he did so, or that she or her attorney was in any way responsible for his acts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 162–165.]

Appeal from Special Term, New York County.

Action by Olga M. Tuck against Henry Webster Tuck. From an order denying a divorce on the report of the referee, plaintiff appeals. Reversed, and judgment ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Otto T. Hess, for appellant.
William M. Sullivan, for respondent.

INGRAHAM, J. This action was for divorce upon the ground of adultery. The complaint alleged that, on the 20th day of January, 1906, at the city of Denver, in the state of Colorado, and elsewhere, the defendant committed adultery with one Nellie Spencer, and that the defendant at divers other dates and times, and before the commence-

ment of this action, and at divers places, committed adultery with various persons whose names are unknown to the plaintiff. The defendant interposed an unverified answer, denying these allegations of the complaint, and the issues, upon the consent of the parties, were referred to a referee to hear and determine.

The trial proceeded before the referee; both the plaintiff and the defendant appearing by counsel. There was evidence before the referee that the adultery alleged to have been committed was without the consent, procurement, or connivance of the plaintiff, and that the defendant committed adultery in Denver, Colo. The defendant was then called on his own behalf, and testified to facts which would justify a finding that he committed adultery. He testified that the detective who was examined by the plaintiff made his acquaintance there, and together they went to a house of prostitution, where the defendant stayed all night, and that he returned to the same house on the following night and again stayed all night; that he met this detective again on the following night, and went with him to another house of prostitution, which was the occasion testified to by the detective. There was no deceit practiced upon the defendant, and it appears from his own testimony that, knowing what he was doing, he intentionally and deliberately committed the offense. The proof, therefore, is not that of the detective and prostitute, but the sworn evidence of the defendant himself as to the commission of the offense. The defendant also testified to his relations with a woman in the city of New York, some time prior to his going to Denver, which would justify a finding of adultery committed in New York at that time. After the defendant had testified, the plaintiff moved to amend the complaint so as to make it conform to the proof, by alleging the commission of adultery in the city of New York, based upon the testimony of the defendant, and this was granted without objection by the defendant.

The referee reported that the defendant had committed adultery in Denver at the time specified in the evidence, and, upon this report being presented to the court, the court refused to enter a decree, upon the ground that the plaintiff was chargeable with the suggestion made by the detective, and thus the offense in Colorado was with her privity or procurement, and was not sufficient to form the basis of a judgment of divorce. Whatever may be said about the effect of the commission of such an offense, where the defendant is induced to commit it by an agent of the plaintiff, under such circumstances as would justify the court in finding that but for such inducement by the agent the offense would not have been committed, in this case it appears from the defendant's own evidence that he understood what he was doing, acted on his own volition, and deliberately and intentionally committed adultery. I think upon the evidence of the defendant the court was bound to grant to the plaintiff a judgment of divorce, and that the rule stated by the trial judge was not applicable where the defendant, himself, testified that he intentionally and deliberately committed the act which justifies a divorce. There is nothing to justify a finding that this plaintiff employed the detective to aid or connive at the commission of the offense, or that she ever had any knowledge that he did so, or that either she or her attorney was in any way responsible for his acts. If

there was any doubt about the sufficiency of the occurrence in Denver, the defendant's testimony sustained the charge that he had committed adultery in New York, before he went to Denver. This was within the complaint, and was sufficient to justify a judgment. The defendant by his own testimony is shown to be a dissolute and dissipated man, without any regard for his obligations to his wife, and I think the plaintiff was entitled to judgment.

The order denying the application for judgment is therefore reversed, with $10 costs and disbursements, and an interlocutory judgment for a divorce granted, with costs. All concur.