### McALLISTER v. McALLISTER.

(Supreme Court, Special Term, New York County. November 6, 1912.)

DIVORCE (§ 45*)—DEFENSES—PROVOCATION.

Where the husband employed a detective to procure evidence of his wife's infidelity, and the detective hired an assistant, who spent money to entertain the wife, and later took her to the house where the alleged adultery relied on was committed, the husband was not entitled to a divorce for adultery, being chargeable with the acts of the agent of the detective employed by him.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 162–165; Dec. Dig. § 45.*]

Action by Fitz Beresford McAllister against Maisie McAllister. Complaint dismissed.

Weed, Henry & Meyers, of New York City (Emile Dreyfus, of New York City, of counsel), for plaintiff.

R. S. King, of Brooklyn, for defendant.

GIEGERICH, J. This action is brought by the husband for an absolute divorce. The evidence does not entirely satisfy me that the adultery charged was committed. Furthermore, the undisputed facts are such as in my opinion to preclude the husband's right to a divorce, even if the act alleged was committed. The husband employed a detective to procure evidence of the wife's infidelity. That detective in turn employed an assistant, who spent money on different occasions in taking the wife to the theater and out to dinner, and later induced her to accompany him to the house where it is charged the adultery was committed. To grant the plaintiff a divorce under such circumstances is equally repugnant to instincts of justice and to public welfare and to principles of law. If the husband seeks to take advantage of the act of his agent he must be chargeable with the responsibility for that act.

This conclusion is not in conflict with the argument quoted by the plaintiff's counsel from Bishop on Marriage, Divorce and Separation (vol. 2, § 216), because in the present case the one who tempted the married woman to adultery, if any was committed, was not a mere volunteer, but one employed by the husband. This case is broadly distinguishable from Tuck v. Tuck, 117 App. Div. 421, 102 N. Y. Supp. 688. There the detective employed by the plaintiff was of the same sex as the defendant, and did not even make any attempt to induce the defendant to commit the act of adultery, so far as the report shows, but merely suggested that they visit a house of prostitution, which the defendant admitted he did deliberately and intentionally.

The complaint is therefore dismissed, with costs. Settle decision and judgment on notice.